No. 81–1585. WATT, SECRETARY OF THE INTERIOR, ET AL. *v.* HOLMES LIMESTONE CO. ET AL. C. A. 6th Cir. Certiorari denied. 

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

This action was brought by respondents as a challenge to the validity of a regulation defining the term "cemetery" as used in § 522(e)(5) of the Surface Mining Control and Reclamation Act of 1977, 91 Stat. 509, 30 U. S. C. § 1272(e)(5) (1976 ed., Supp. IV). The United States District Court for the Northern District of Ohio dismissed the complaint for lack of jurisdiction, holding that § 526(a)(1) of the Act, 30 U. S. C. § 1276(a)(1) (1976 ed., Supp. IV), permits challenges to such regulations to be brought only in the United States District Court for the District of Columbia.

The United States Court of Appeals reversed and remanded the case for consideration of the merits. *Holmes Limestone Co.* v. *Andrus,* 655 F. 2d 732 (CA6 1981). It held that § 526(a)(1)[1] permits review of challenges to national

---

[1] Section 526(a)(1) provides, in pertinent part:

"Any action by the Secretary promulgating national rules or regulations . . . shall be subject to judicial review in the United States District Court for the District of Columbia. . . . A petition for review of any action sub-

regulations in courts other than the United States District Court for the District of Columbia because while the statute provides that certain actions may be brought *only* in the district court where the mining operation is located, in the final version of the bill the word "only" was deleted from the phrase providing for judicial review of national regulations in the District of Columbia. 655 F. 2d, at 737. The court also concluded that there are "serious questions about the propriety" of the 60-day limitation on the filing of petitions for judicial review of rulemaking actions contained in § 526(a)(1). 655 F. 2d, at 738.

The decision below is troubling for several reasons. First, § 526(a)(1) provides that regulations with a national impact be reviewed in the District of Columbia, those with a statewide impact in the district court for the district of the capital of the State involved, and all other regulations only in the district where the surface mining operation at issue is located. By allowing a national regulation to be challenged in federal courts other than those in the District of Columbia, the Court of Appeals here arguably frustrated Congress' carefully devised plan for judicial review. Second, the court below based its holding on the fact that both the House[2] and Senate[3] versions of the bill provided that national regulations were to be reviewed *only* in the District Court for the District of Columbia, while the word "only" was omitted from the final version of the bill reported out of the Conference Committee. However, the Conference Committee's discussion of the changes made in the bill does not even mention this deletion, and it may well have been inadvertent. H. R. Rep. No. 95–493, p. 111 (1977). Finally, the only other

---

ject to judicial review under this subsection shall be filed in the appropriate Court within sixty days from the date of such action . . . ." 91 Stat. 512.

[2] H. R. 2, 95th Cong., 1st Sess., § 526(a)(1) (1977). See also H. R. Rep. No. 95–218, p. 46 (1977).

[3] S. 7, 95th Cong., 1st Sess., § 426(a)(1) (1977). See also S. Rep. No. 95–128, p. 41 (1977).

courts to rule on this question have both held that § 526(a)(1) provides for exclusive review of national regulations in the District Court for the District of Columbia. *Reading Anthracite Co.* v. *Office of Surface Mining, Reclamation and Enforcement*, No. 80–0667 (ED Pa., Oct. 8, 1980); *Union Carbide Corp.* v. *Andrus*, 13 ERC 1481, 1489 (SD W. Va. 1979).

Because there are serious questions whether the Court of Appeals properly interpreted § 526(a)(1) and because such an interpretation appears to conflict with the congressional intent that there be uniform national performance standards for surface mining, see S. Rep. No. 95–128, p. 49 (1977); H. R. Rep. No. 95–218, pp. 57–58 (1977), I would grant the petition for certiorari and set the case for oral argument. Delaying resolution of the issue could cause substantial disruption both to the coal mining industry and to the agencies charged with administering the Surface Mining Act.[4]

---

[4] The Court of Appeals did not rule directly on the 60-day limitation period for filing petitions for judicial review of rulemaking actions. Accordingly, it would not be necessary for the Court to address that issue.